**UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

MAY - 5

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **UNDER SEAL** |
| ) | (L.R. 49(B)) |
| v. ) | |
| ) | Case No. 1:11CR 210 |
| TAMER ERGUVEN, ) | |
| ) | Count 1: 18 U.S.C. § 1001 |
| Defendant. ) | (false statements) |
| ) | |
| ) | Count 2: 18 U.S.C. § 1956(h) |
| ) | (conspiracy to commit money laundering) |

May 2011 Term - at Alexandria, Virginia

### INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES THAT:

On or about November 29, 2006, in the Eastern District of Virginia, in a matter within the jurisdiction of the Executive Branch of the Government of the United States, that is United States Customs and Border Protection, the defendant, Tamer Erguven, did unlawfully, knowingly and willfully make a materially false, fictitious and fraudulent statement and representation on a Shippers Export Declaration, to wit: (1) Erguven listed the address of the U.S. Principal Party in Interest as Atlantic Trading Corp., 2451 Centreville Road, I-9, Herndon, Virginia 20171, when in truth and in fact, as he then and there well knew, that address was not the address of Atlantic Trading Corp; and (2) Erguven listed a weight of 1,890 kilograms for a 2006 Hummer H3, when in truth and in fact, as he then and there well knew, the weight of said automobile was approximately 2,863 kilograms.

(In violation of Title 18, United States Code, Section 1001.)

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

From in or about June 2006 through in or about December 2006, within the Eastern District of Virginia and elsewhere, the defendant, Tamer Erguven, did unlawfully and knowingly combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit the following offenses against the United States:

(1) to unlawfully and knowingly transport, transmit and transfer monetary instruments and funds to a place in the United States from or through a place outside the United States, knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit: an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, specifically, heroin, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(2) to unlawfully and knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawfully activity, to wit: an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, specifically, heroin, in violation of Title 18, United States Code, Section 1957.

(All in violation of Title 18, United States Code, Section 1956(h).)

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

Foreperson

Neil H. MacBride
United States Attorney
Eastern District of Virginia

Daniel J. Grooms
Assistant United States Attorney
Eastern District of Virginia

2